Zheng MEI–LAN,* Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Alberto Gonzales,** Attorney General, Respondent.

Docket No. 02–4717.

United States Court of Appeals, Second Circuit.

Aug. 11, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Craig S. Morford, United States Attorney for the Eastern District of Michigan, Geneva S. Halliday, Assistant United States Attorney for the Eastern District of Michigan, Detroit, MI, for Appellees.

Present: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, District Judge.***

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review be and it hereby is DENIED.

Zheng Mei–Lan petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an order of an immigration judge ("IJ") ordering her removal to the People's Republic of China ("China") and denying her requests for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows:

■ (1) Assuming arguendo that Zheng properly exhausted the claim, the BIA and

* The Clerk is requested to correct Zheng's name in the official caption to reflect her usage.

** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is automatically substituted for former Attorney General John Ashcroft.

*** The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

IJ did not err in finding that Zheng's testimony that she was required to appear for quarterly gynecological exams and to have an IUD inserted did not establish past persecution. *See Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (holding that persecution must rise above "mere harassment," although it could include physical abuse short of life-threatening violence). The petitioner in *Li v. Ashcroft,* on which Zheng relies, testified to far more than a mere gynecological exam or insertion of an IUD, *see* 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc). Li testified that she was restrained for more than half an hour while her uterus, vagina and cervix were probed and that this examination closely followed a threat that Li would "pay" for her outspoken opposition to the birth control policy. *Id.* Li also testified that she was threatened that this kind of examination could be repeated at any time. *Id.* No similar testimony was presented in this case.

■ (2) The Canadian report referenced by the IJ constituted substantial evidence supporting the IJ's determination that Zheng failed to establish the objective prong of demonstrating a well-founded fear of future persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (holding that the objective prong is dependent on "presentation of reliable, specific, objective supporting evidence") (internal quotation marks omitted); *Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) (holding that an administrative finding is supported by substantial evidence "unless we conclude that a reasonable adjudicator would be compelled to conclude to the contrary").

(3) Because Zheng failed to establish a well-founded fear of future persecution, she necessarily failed to establish eligibility for withholding of removal. *See Ramsameachire,* 357 F.3d at 178.

(4) The IJ and the BIA properly denied CAT relief because Zheng did not offer proof establishing that it was more likely than not that she would be tortured if returned to China. *See Wang v. Ashcroft,* 320 F.3d 130, 143 (2d Cir.2003) (citing 8 C.F.R. § 208.16(c)(2)).

(5) We have considered petitioner's remaining arguments and found that they lack merit.

Therefore, we deny Zheng's petition for review. Petitioner's motion for a stay of deportation is concomitantly denied.